UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRACY BREMBY, | ) | CASE NO. 1: 26-cv-1816 |
| | ) | |
| Relator, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES McMONAGLE, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

## I. BACKGROUND

*Pro se* Relator Tracy Bremby, a prisoner in the Ohio Reformatory for Women, filed a Petition for Mandamus against Cuyahoga County Court of Common Pleas Judge James McMonagle seeking relief pursuant to Ohio Revised Code § 2731.01. (Doc. 1.)[1] While her Petition is unclear, it appears she seeks a ruling from Judge McMonagle compelling the Cuyahoga County Department of Child Services to disclose case information she requested about her daughter.

## II. LEGAL STANDARD AND ANALYSIS

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the district court is statutorily required to screen and dismiss any *in forma pauperis* action if it fails to state a claim upon which relief can be granted or if it lacks an

---

[1] She initially filed her Petition, along with a motion to proceed *in forma pauperis* (Doc. 1), in the Southern District of Ohio, which transferred the action here on the basis of venue (*see* Doc. 3).

arguable basis in law or fact. 28 U.S.C. § 1915(e); *see also Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

Federal courts are courts of limited jurisdiction. They only have subject-matter jurisdiction over (1) "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C § 1331 (federal question jurisdiction)[2], and (2) "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, 28 U.S.C. § 1332 (diversity jurisdiction). When subject-matter jurisdiction is called into question, or where it appears from the filings that subject matter jurisdiction cannot be established, federal courts must dismiss the action. Fed. R. Civ. P. 12(h)(3). In this way, federal courts must act *sua sponte* (on their own and without a motion). *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even *sua sponte*, to dismiss any action over which it has no subject-matter jurisdiction.").

Here, Relator's mandamus petition does not arise under the Constitution, laws, or treaties of the United States. Instead, the Petition seeks to compel relief pursuant to state law, specifically Ohio Revised Code § 2731.01, which authorizes state courts to issue "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." Thus, the Petition does not present a federal question.

Further, there is no diversity jurisdiction. The Petition plainly indicates that Relator and Respondent are both citizens of Ohio. *See, e.g., Glaze v. Horton*, No. 4:24-cv-1815, 2025 WL

[2] Put another way, the Petition must establish "either that federal law creates the cause of action or that [Relator's] right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

359299, 2025 U.S. Dist. LEXIS 17477 at *4 (N.D. Ohio Jan. 31, 2025) (dismissing complaint seeking mandamus relief where all parties were citizens of the same state, and the asserted mandamus claim arose under state law).

With neither a federal question nor diversity of citizenship presented, the Court lacks subject-matter jurisdiction and dismisses this matter pursuant to Federal Rule of Civil Procedure 12(h)(3).

## III. CONCLUSION

For the reasons stated herein, the mandamus petition is DISMISSED. The Court further CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: September 30, 2026

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE